EXHIBIT 1

FILED
14 JAN 21 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-01816-9 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| SHANNON M. ALDRICH PAYNE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF SEATTLE, a municipal corporation; OFFICER CAMILO DEPINA, a Seattle police officer in his individual and official capacity, OFFICER KEITH SWANK, a Seattle police officer in his individual and official capacity; OFFICER CHRISTOPHER MEYERS, a Seattle police officer in his individual and official capacity; and, JOHN and JANE DOES 1-10, Seattle police officers and/or Seattle employees in their individual and official capacities.<br><br>　　　　　Defendants. | No.<br><br>**SUMMONS** |

**TO THE DEFENDANT:** Officer Camilo Depina.

A lawsuit has been started against you in the above-entitled court by Shannon M. Aldrich Payne (Plaintiff). Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiff files this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: January 26, 2014.

Jeffery M. Campiche, WSBA No. 7592
Peter G. Wogsland, WSBA No. 38431
Campiche Arnold PLLC
Attorneys for Plaintiff Aldrich Payne
2025 First Ave., Suite 830
Seattle, WA 98121

SUMMONS - 2

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

Rcvd via email on 1/24/2014
at 4:32 am/pm
Belen

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| SHANNON M. ALDRICH PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SEATTLE, a municipal corporation; OFFICER CAMILO DEPINA, a Seattle police officer in his individual and official capacity, OFFICER KEITH SWANK, a Seattle police officer in his individual and official capacity; OFFICER CHRISTOPHER MEYERS, a Seattle police officer in his individual and official capacity; and, JOHN and JANE DOES 1-10, Seattle police officers and/or Seattle employees in their individual and official capacities.<br><br>Defendants. | No. 14-2-01816-9 SEA<br><br>**SUMMONS** |

**TO THE DEFENDANT:** Officer Keith Swank.

A lawsuit has been started against you in the above-entitled court by Shannon M. Aldrich Payne (Plaintiff). Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiff files this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: January 20, 2014.

_____
Jeffery M. Campiche, WSBA No. 7592
Peter G. Wogsland, WSBA No. 38431
Campiche Arnold PLLC
Attorneys for Plaintiff Aldrich Payne
2025 First Ave., Suite 830
Seattle, WA 98121

SUMMONS - 2

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

FILED
14 JAN 21 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-01816-9 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| SHANNON M. ALDRICH PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SEATTLE, a municipal corporation; OFFICER CAMILO DEPINA, a Seattle police officer in his individual and official capacity, OFFICER KEITH SWANK, a Seattle police officer in his individual and official capacity; OFFICER CHRISTOPHER MEYERS, a Seattle police officer in his individual and official capacity; and, JOHN and JANE DOES 1-10, Seattle police officers and/or Seattle employees in their individual and official capacities.<br><br>Defendants. | No.<br><br>**SUMMONS** |

**TO THE DEFENDANT:** Officer Christopher Meyers.

A lawsuit has been started against you in the above-entitled court by Shannon M. Aldrich Payne (Plaintiff). Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiff files this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: January 20, 2014.

*[signature]*

Jeffery M. Campiche, WSBA No. 7592
Peter G. Wogsland, WSBA No. 38431
Campiche Arnold PLLC
Attorneys for Plaintiff Aldrich Payne
2025 First Ave., Suite 830
Seattle, WA 98121

SUMMONS - 2

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

FILED
14 JAN 21 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-01816-9 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| SHANNON M. ALDRICH PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SEATTLE, a municipal corporation; OFFICER CAMILO DEPINA, a Seattle police officer in his individual and official capacity, OFFICER KEITH SWANK, a Seattle police officer in his individual and official capacity; OFFICER CHRISTOPHER MEYERS, a Seattle police officer in his individual and official capacity; and, JOHN and JANE DOES 1-10, Seattle police officers and/or Seattle employees in their individual and official capacities.<br><br>Defendants. | No.<br><br>**SUMMONS** |

**TO THE DEFENDANT:** The City of Seattle, a Municipal Corporation.

A lawsuit has been started against you in the above-entitled court by Shannon M. Aldrich Payne (Plaintiff). Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that Plaintiff files this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED: January 20, 2014.

Jeffery M. Campiche, WSBA No. 7592
Peter G. Wogsland, WSBA No. 38431
Campiche Arnold PLLC
Attorneys for Plaintiff Aldrich Payne
2025 First Ave., Suite 830
Seattle, WA 98121

SUMMONS - 2

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

Rcvd via email on 1/24/2014
at 4:32 am/pm
Belen

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

SHANNON M. ALDRICH PAYNE,

Plaintiff,

v.

THE CITY OF SEATTLE, a municipal corporation; OFFICER CAMILO DEPINA, a Seattle police officer in his individual and official capacity, OFFICER KEITH SWANK, a Seattle police officer in his individual and official capacity; OFFICER CHRISTOPHER MEYERS, a Seattle police officer in his individual and official capacity; and, JOHN and JANE DOES 1-10, Seattle police officers and/or Seattle employees in their individual and official capacities.

Defendants.

No. 14-2-01816-9 SEA

**COMPLAINT**

Plaintiff Shannon M. Aldrich Payne by and through her attorneys, Campiche Arnold PLLC allege as follows:

**PARTIES, JURISDICTION, VENUE**

1. Plaintiff is a married woman who resides in King County, Washington.

COMPLAINT - 1

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

2. Defendant City of Seattle is a municipal corporation located in King County, Washington, existing, incorporated, and organized under the laws of the State of Washington, providing law enforcement services to its residents and visitors by and through the Seattle Police Department.

3. Defendant Officer Camilo Depina is a police officer employed by the City of Seattle and its police department.

4. Defendant Officer Keith Swank is a police officer employed by the City of Seattle and its police department.

5. Defendant Officer Christopher Meyers is a police officer employed by the City of Seattle and its police department.

6. Defendants John and Jane Does 1-10 are Seattle police officers and/or Seattle employees whose identities are presently unknown.

6. All acts and omissions occurred in King County, Washington.

7. Venue is proper in King County Superior Court because the parties are residents of the State of Washington and at least one defendant resides in King County.

### RCW 4.96.020 NOTICE OF CLAIM COMPLIANCE

8. On November 18, 2013, Plaintiff presented her Notice of Claim to the City of Seattle in compliance with RCW 4.96.020.

9. Sixty calendar days have now elapsed since Plaintiff's Notice of Claim was presented and thus, she may properly commence the instant action under RCW 4.96.020(4).

### FACTS

10. On November 20, 2011, at approximately 1:00 am, Ms. Aldrich Payne and her husband, Douglas W. Payne, were returning to their vehicle after seeing a show in Pike Place

COMPLAINT - 2

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

Market. As they walked north on Third Avenue and approached the intersection of Third Avenue and Virginia Street, they observed multiple police cars and police officers.

11. As they approached, Ms. Aldrich Payne saw two men sitting on the sidewalk against the wall. One man looked like he was in pain and possibly injured. Concerned for his well-being, Ms. Aldrich Payne stopped to observe. Using an unreasonable amount of force, Officer Camilo Depina then grabbed Ms. Aldrich Payne's arms and forcefully moved her backwards.

12. Still concerned for the man's safety, Ms. Aldrich Payne approached and asked if he was okay. Again using an unreasonable amount of force, Officer Depina and Officer Keith Swank grabbed Ms. Aldrich Payne by her left wrist and forcefully put her hands behind her back and handcuffed her, tightening the metal handcuffs directly on her hands, fracturing the bones.

13. Again using an unreasonable amount of force, Officers Depina and Swank forcefully pushed Ms. Aldrich Payne toward and into the police car, striking her head against the top of the door opening.

14. Officer Depina then hit Ms. Aldrich Payne at the waist and forced her down onto the backseat, leaned over her and pressed his body on top of hers. Ms. Aldrich Payne laid in the backseat, unable to move.

15. The officers demanded she sit up while Officer Depina physically prevented her from doing so. Officer Christopher Meyers then went to the opposite side of the vehicle, pulled Ms. Aldrich Payne's left arm and twisted it, dislocating and impinging her left shoulder.

16. Officer Depina then transported Ms. Aldrich Payne, unbelted in the seat, to the West Precinct Seattle Police Station at an unreasonably high rate of speed.

COMPLAINT - 3

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

17. At the station, Officer Depina – alone with Ms. Aldrich Payne – obscenely and angrily berated, harassed, and threatened Ms. Aldrich Payne and then physically assaulted her.

18. She was then placed in a holding cell, still handcuffed for approximately two hours, where she requested (and was denied) medical care, ice, and water, multiple times. She was also harassed by multiple officers from outside her cell.

19. In order to transport her to the King County Correctional Facility, an officer loaded Ms. Aldrich Payne onto a truck, where she was instructed to hold onto a strap. Ms. Aldrich Payne informed the officer that she could not grip the strap because her hands were still in the cuffs and badly swollen with no feeling or function. The officer ignored her pleas and as a result, Ms. Aldrich Payne was knocked around inside the truck on the way to the correctional facility. Then upon exiting the truck with no assistance, Ms. Aldrich Payne had to jump because the truck was so far off the ground, causing her to fracture and sprain her right ankle.

20. At the correctional facility, correctional officers and employees harassed Ms. Aldrich Payne and continued to deny her medical care, despite numerous requests. She was also forced to shower and bend over naked in front of male correctional officers. Ms. Aldrich Payne was then falsely imprisoned there until Monday November 21, 2011 at 10 pm, when she was finally released.

## ASSAULT & BATTERY
### (Officers Depina, Swank, Meyers, and John and Jane Does 1-10)

21. The above intentional conduct of Officers Depina, Swank, Meyers, and Does 1-10 on November 20, 2011, caused Ms. Aldrich Payne apprehension of imminent or harmful offensive contact that resulted in harmful or offensive contact. As a direct and proximate result

COMPLAINT - 4

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

of this assault and battery, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

### ASSAULT & BATTERY
### (City of Seattle – *Respondeat Superior*)

22.  At all relevant times, the City of Seattle was the employer of Officers Depina, Swank, Meyers, and Does 1-10, and the officers were acting within the scope of their employment when they assaulted and battered Ms. Aldrich Payne. As a direct and proximate result of this assault and battery, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

### CIVIL CONSPIRACY
### (Officers Depina, Swank, Meyers, and John and Jane Does 1-10)

23.  On November 20, 2011, Officers Depina, Swank, Meyers, and Does 1-10, acting under color of law, combined to act in concert to commit an overt, individual act or acts, or a lawful act by unlawful means, the principal element of which was an agreement between them to inflict a wrong against or injury upon Ms. Aldrich Payne. As a direct and proximate result of this civil conspiracy, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

### CIVIL CONSPIRACY
### (City of Seattle – *Respondeat Superior*)

24.  At all relevant times, the City of Seattle was the employer of Officers Depina, Swank, Meyers, and Does 1-10, and the officers were acting within the scope of their employment when they conspired together to violate the law and injure Ms. Aldrich Payne. As a direct and proximate result of this civil conspiracy, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

COMPLAINT - 5

## NEGLIGENCE
### (Officers Depina, Swank, Meyers, and John and Jane Does 1-10)

25. Officers Depina, Swank, Meyers, and Does 1-10 had a duty to exercise reasonable care. They breached this duty when they used unreasonable force against Ms. Aldrich Payne on November 20, 2011, failed to follow Washington law on reasonable force, and then tolerated other officers' use of excessive force. As a direct and proximate result of this negligence, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

## NEGLIGENCE
### (City of Seattle – *Respondeat Superior*)

26. At all relevant times, the City of Seattle was the employer of Officers Depina, Swank, Meyers, and Does 1-10, and the officers were acting within the scope of their employment when they failed to exercise reasonable care on November 20, 2011. As a direct and proximate result of this negligence, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

## NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION
### (City of Seattle)

27. As the employer of Officers Depina, Swank, Meyers, and Does 1-10, the City of Seattle failed to exercise reasonable care in the hiring, training, retention, and supervision of its employees. As a direct and proximate result of this negligence, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

## FALSE ARRENT & IMPRISONMENT
### (Officers Depina, Swank, Meyers, and John and Jane Does 1-10)

28. On November 20, 2011, without probable cause, Officers Depina, Swank, Meyers, and Does 1-10, unlawfully and intentionally deprived Ms. Aldrich Paynes of her right of

COMPLAINT - 6

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

personal liberty and freedom to remain in the place of her lawful choice. As a direct and proximate result of this false arrest and imprisonment, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

### FALSE ARREST & IMPRISONMENT
(City of Seattle – *Respondeat Superior*)

29. At all relevant times, the City of Seattle was the employer of Officers Depina, Swank, Meyers, and Does 1-10, and the officers were acting within the scope of their employment when they unlawfully and intentionally deprived Ms. Aldrich Paynes of her right of personal liberty and freedom to remain in the place of her lawful choice. As a direct and proximate result of this false arrest and imprisonment, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

### 42 USC § 1983 VIOLATION
(Officers Depina, Swank, Meyers, and John and Jane Does 1-10)

30. On November 20, 2011, without probable cause, Officers Depina, Swank, Meyers, and Does 1-10, without probable cause, violated Ms. Aldrich Payne's fourth and fourteenth amendment rights. The officers' conduct was arbitrary and shocked the conscience. They acted purposefully to cause harm to Ms. Aldrich Payne, unrelated to any legitimate objective. No reasonable officer would believe that this sort of conduct was lawful. As a direct and proximate result of this constitutional deprivation, Ms. Aldrich Payne was injured and incurred substantial damages as articulated below.

### 42 USC § 1983 VIOLATION
(City of Seattle)

31. Prior to November 20, 2011, the City of Seattle's police department maintained, allowed, and sanctioned a custom of excessive force. Carrying out the City of Seattle police department's custom of excessive force, Officers Depina, Swank, Meyers, and Does 1-10,

COMPLAINT - 7

without probable cause, deprived Ms. Aldrich Payne of her fourth and fourteenth amendment rights. As a direct and proximate result of this constitutional deprivation, Ms. Aldrich Payne was injured and incurred substantial damages, as articulated below.

## INJURIES & DAMAGES

32.  As a direct and proximate result of the above actions and non-actions, Ms. Aldrich Payne suffered general and special damages, including but not limited to: fractured bones in her left hand, subluxated left shoulder, left shoulder and bicep impingement, fractured and sprained right ankle, PTSD, pain and suffering, emotional and psychological pain, loss of enjoyment of life, past and future medical and psychological care, lost wages and opportunities, and other harms and losses to be proven at the time of trial.

## RELIEF REQUESTED

33.  Plaintiff asks for judgment and the following relief:

- General damages to Plaintiffs as proven at trial.
- Special damages to Plaintiffs as proven at trial.
- Damages for constitutional deprivation.
- Prejudgment interest on liquidate damages.
- Costs and disbursements incurred.
- Such other relief as may be just and equitable.

RESPECTFULLY SUBMITTED, January 20, 2014.

*[signature]*

Jeffery M. Campiche, WSBA No. 7592
Peter G. Wogsland, WSBA No. 38431
Campiche Arnold PLLC

COMPLAINT - 8

CAMPICHE ARNOLD PLLC
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

Attorneys for Plaintiff Aldrich Payne
2025 First Ave., Suite 830
Seattle, WA 98121

**COMPLAINT - 9**

**CAMPICHE ARNOLD PLLC**
2025 First Ave Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111